**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Criminal No. 19-319 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| DAVID THOMAS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CHESLER**, District Judge

  This matter comes before the Court on the *pro se* motion for correction of sentence by Defendant David Thomas ("Thomas.")   Thomas asks the Court to modify his sentence so that he receives credit as time served for the time he spent at home, after sentencing, under the supervision of Pretrial Services, until he surrendered to the Bureau of Prisons ("BOP") on January 7, 2020.   The Government opposes the motion, asking that it be dismissed.

  The Government's arguments are persuasive.   The Third Circuit has stated:

> The authority to calculate a federal prisoner's release date for the sentence imposed, and to provide credit for pre-sentence detention and good conduct, is delegated to the Attorney General, who acts through the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992).

Armstrong v. Grondolsky, 341 F. App'x 828, 830 (3d Cir. 2009).   Only the BOP has the authority to make the change that Thomas seeks.

  Moreover, the relevant credit statute provision states: "(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has

spent in official detention prior to the date the sentence commences . . ." 18 U.S.C. § 3585(b). In Reno v. Koray, 515 U.S. 50, 63 (1995), the Supreme Court construed the phrase "official detention" in that provision and held: "A defendant who is 'detained,' however, is completely subject to BOP's control." Thomas's time prior to surrender to the BOP was not time in which he was completely subject to the BOP's control and, under Reno, he cannot be given credit for it as "official detention" under § 3585(b).

For these reasons,

**IT IS** on this 6th day of April, 2021

**ORDERED** that Defendant's motion for correction of sentence (Docket Entry No. 36) is **DENIED**.

s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge